IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICKEY ALEXANDER, | ) | Case No.  4:19 CV 1302 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| DOUGLAS FENDER, Warden, | ) | THOMAS M. PARKER |
| | ) | |
| Respondent. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |

## I.    Introduction

Rickey Alexander, an Ohio prison inmate serving a 43-year to life aggregate sentence after a jury found him guilty of aggravated murder, aggravated robbery and a firearm specification, petitions the court for a writ of habeas corpus under 28 U.S.C. § 2254, contending that the state courts violated his constitutional rights in in *State v. Alexander,* Case No. 92 CR 605, Trumbull County Court of Common Pleas.  ECF Doc. 1, ECF Doc. 11-1 at 17.  Alexander is currently incarcerated[1] at the Lake Erie Correctional Institution in Conneaut, Ohio where Douglas Fender is warden and maintains custody of Alexander.[2]

Warden Fender filed a motion to dismiss on December 13, 2019 contending that Alexander's petition is untimely.  ECF Doc. 11.  Alexander filed a traverse arguing that the court should excuse the untimeliness of his petition because he is innocent.  ECF Doc. 13.  The matter

---

[1] Offender search as of October 21, 2020.
[2] Lake Erie Correctional Institution Staff as of October 21, 2020.

is before me by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation pursuant to Local Rule 72.1.

Because Alexander's claims are barred by AEDPA's statute of limitation and he has not shown that can meet the exacting standards to pursue an actual innocence gateway claim, I recommend that his claim be DISMISSED and his petition for writ of habeas corpus be DENIED.

## II.        Procedural History

### A.        State Conviction

On October 26, 1992, a Trumbull County, Ohio grand jury returned an indictment charging Alexander with one count of aggravated murder in violation of Ohio Rev. Code § 2903.01(B), with an aggravating circumstance specification; and one count of aggravated robbery in violation of Ohio Rev. Code § 2911.01, with a firearm specification.  ECF Doc. 11-1 at 4-7.  Alexander pleaded not guilty.

Following trial, a jury found Alexander guilty as charged.  On September 7, 1993, Alexander waived his right to a sentencing hearing before a jury in exchange for the state's agreement not to seek the death penalty.  ECF Doc. 11-1 at 8.  The same day, Alexander moved for a new trial (ECF Doc. 11-1 at 11) and for a judgment of acquittal pursuant to Ohio Crim. R. 29(C).  ECF Doc. 11-1 at 15.  The trial court denied both motions.  ECF Doc. 11-1 at 16.

On September 13, 1993, the trial court sentenced Alexander to serve consecutive prison terms of 30 years to life imprisonment on Count One; 10 to 25 years on Count Two; and 3 years for the firearm specification.  The aggregate, indefinite sentence was 43 years to life in prison. ECF Doc. 11-1 at 17-18.

**B.**     **Direct Appeal**

Alexander appealed his convictions to the Ohio Court of Appeals.  ECF Doc. 11-1 at 19;

*State v. Alexander,* 11th Dist. No. 93-T-4948, 1996 Ohio App. LEXIS 5418 (Nov. 22, 1996).

Through new counsel, Alexander filed a merits brief on August 15, 1995 in which he asserted

five assignments of error:

> 1.  The trial court erred, to the prejudice of the appellant, by permitting the appellee to employ a preemptory challenge to purposefully exclude a member of the jury solely on the basis of the member's race.
>
> 2.  The trial court erred, to the prejudice of the appellant, by denying the appellant's motion to require the appellee's file to be sealed for appellate review.
>
> 3.  The trial court committed reversible error, to the prejudice of the appellant, by admitting various hearsay statements against the appellant as 'adoptive admissions.'
>
> 4.  The trial court erred, to the prejudice of the appellant, by admitting the hearsay testimony of Sandra Owens.
>
> 5.  The appellant's conviction was against the manifest weight of the evidence.

ECF Doc. 11-1 at 21.  The state filed an appellee brief.  ECF Doc. 11-1 at 50.  On November 29,

1996, the Ohio Court of Appeals affirmed the trial court's judgment.  ECF Doc. 11-1 at 219;

*State v. Alexander,* 11th Dist. No. 93-T-4948, 1996 Ohio App. LEXIS 5418 (Nov. 22, 1996).

Alexander then filed a motion to certify conflict (ECF Doc. 11-1 at 240), which the Ohio Court

of Appeals denied on January 22, 1997.  ECF Doc. 11-1 at 245.  Alexander filed a timely appeal

with the Ohio Supreme Court.[3]  On April 9, 1997, the Ohio Supreme Court dismissed his appeal,

*sua sponte*, and did not allow a discretionary appeal.  ECF Doc. 11-1 at 249.

---

[3] The Ohio Supreme Court has since destroyed Alexander's case file in accordance with its record retention policy.

### C.    Post-Conviction Motions

#### 1.    Delayed Motion for New Trial

On November 8, 2011, more than 14 years after his conviction, Alexander filed a *pro se*
motion for leave to file a delayed motion for new trial (ECF Doc. 11-1 at 250) and a delayed
motion for new trial, pursuant to Crim. R. 33(A).  ECF Doc. 11-1 at 252.  Alexander argued that
he was entitled to a new trial because one of the state's witnesses, Lyndal Kimble, had recanted
his trial testimony in which he had stated that Alexander had admitted to committing the murder
at issue.  ECF Doc. 11-1 at 252-264.  The state filed a memorandum in opposition.  ECF Doc.
11-1 at 265.  On November 28, 2011, the trial court denied Alexander's motion for leave to file a
delayed motion for a new trial.  ECF Doc. 11-1 at 270.

Alexander appealed to the Ohio Court of Appeals setting forth two assignments of error:

1.  The trial court committed error when it determined, without an evidentiary
hearing, and without review of the trial testimony that Kimble's recanted
testimony would not be 'compelling' and therefore refused to grant leave to file a
motion for a new trial.

2. The trial court committed error when it determined without an evidentiary
hearing, and without review of the trial testimony, that Kimble's recanted
testimony would not be admitted because the appellant had prior knowledge of
Kimble's intent and therefore refused to grant leave to file a motion for a new
trial.

ECF Doc. 11-1 at 277.  The state filed an appellee's brief.  ECF Doc. 11-1 at 305.  On September
28, 2012, the Ohio Court of Appeals affirmed the judgment of the trial court in a 2-1 decision.
ECF Doc. 11-1 at 321; *State v. Alexander,* 11th Dist. No. 2011-T-0120, 2012-Ohio-4468, 2012
Ohio App. LEXIS 3978.  Alexander did not file a timely appeal to the Ohio Supreme Court.[4]

---

[4] According to Ohio S.Ct. Prac. R. 7.01, Alexander's appeal to the Ohio Supreme Court was due to be
filed within 45 days of the entry of judgment from which the appeal was being taken.  Because the Ohio
Court of Appeals decision was filed on September 28, 2012, the notice of appeal was due to be filed by
November 12, 2012.

On December 6, 2012, Alexander filed a notice of appeal and motion for leave to file delayed appeal to the Ohio Supreme Court.  ECF Doc. 11-1 at 333-339.  The state filed an opposition brief.  ECF Doc. 11-1 at 357.  On January 23, 2013, the Ohio Supreme Court denied the motion for delayed appeal and dismissed the case.  ECF Doc. 11-1 at 360.

### 2.        Motion to Vacate Void Judgment

On September 9, 2013, Alexander filed a *pro se* motion to vacate void judgment and sentence notwithstanding the verdict or, in the alternative, for a new trial based on alleged deficiencies in the jury verdict forms, jury instructions and his sentencing entry.  ECF Doc. 11-1 at 361.  The state filed a response in opposition.  ECF Doc. 11-1 at 379.  On September 18, 2013, the trial court denied Alexander's motion to vacate void judgment as barred by the doctrine of res judicata.  ECF Doc. 11-1 at 384.

Alexander appealed to the Ohio Court of Appeals.  ECF Doc. 11-1 at 385.  Alexander's brief asserted the following errors:

> 1.  Appellant contends the trial court erred in entering a conviction of a first-degree felony because the verdict form and the trial court's verdict entry were inadequate to support his conviction for aggravated murder and aggravated robbery.  ECF Doc. 11-1 at 391.
>
> 2.  Appellant submits that the trial court committed reversal error when it submitted to the jury, verdict forms containing a statutory description of the offense of aggravated murder and aggravated robbery, but omitted the offense's essential elements as instructed by the Court from the jury verdict forms.  *State v. Lampkin*, (1996), 116 Ohio App.3d 771, 689 N.E.2d 106.  ECF Doc. 11-1 at 393.
>
> 3.  The trial court's imposition of consecutive sentences was contrary to law and an abuse of discretion.  ECF Doc. 11-1 at 399.

The state filed an appellee brief on December 31, 2013.  ECF Doc. 11-1 at 407.  On June 23, 2014, the Ohio Court of Appeals overruled Alexander's assignments of error and affirmed the trial court's judgment dismissing Alexander's motion to vacate void judgment.  ECF Doc. 11-1

at 428; *State v. Alexander,* 11th Dist. No. 2013-T-0100, 2014-Ohio-2710, 2014 Ohio App. LEXIS 2660.  Alexander did not appeal to the Ohio Supreme Court.

## III.    Federal Habeas Corpus Petition

On July 6, 2019, Alexander filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF Doc. 1.  Alexander has asserted one ground for relief:

> **GROUND ONE:**  Petitioner is entitled to a new trial, where newly discovered evidence reveals that no reasonable juror would have found him guilty beyond a reasonable doubt.

ECF Doc. 1 at 5.

## IV.    Law and Analysis – Statute of Limitations

As amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[5] 28 U.S.C. § 2244(d)(1) provides that a person in custody under a judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[5] Pub. L. No. 104-132, -110 Stat. 1214-.

Subsection (A) is regarded as the principal statute of limitations for pursuit of habeas petitions under AEDPA.  Subsections (B), (C) and (D) assign later limitation dates under the specified conditions.

### A.    Commencement of Limitations Period

Warden Fender argues that subsection (A) sets forth Alexander's statute of limitations, and Alexander has not argued for a later commencement date.  Under subsection (A), Alexander's habeas petition is time barred by AEDPA's statute of limitations.  The Ohio Supreme Court denied discretionary review of his direct appeal on April 9, 1997.  Alexander's conviction became final 90 days later, on July 8, 1997, when Alexander did not file a petition for a writ of certiorari in the United States Supreme Court.  The AEDPA statute of limitation expired one year later, on July 8, 1998.  Alexander's petition was filed twenty-two years after the AEDPA statute of limitation expired.  And Alexander concedes that this petition is untimely. ECF Doc. 1 at 25.

I find the warden's argument to be well taken, and Alexander concedes that his petition is untimely.  Consequently, unless saved by the statutory tolling provision in 28 U.S.C. § 2244(d)(2) or equitable tolling principles, Alexander's petition is barred by the AEDPA statute of limitations.  Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000).

### B.    Statutory Tolling

28 U.S.C. § 2244(d)(2) "provides for statutory tolling of the limitations period during the pendency of properly filed motions for state post-conviction relief, or other collateral review." *See Artuz v. Bennett,* 531 U.S. 4, 8-9, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).  "The [statutory] tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602

(6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).  Once the limitations period has expired, state collateral review proceedings can no longer serve to avoid the AEDPA statute of limitations bar.  *Keeling v. Warden, Lebanon Correctional Inst.,* 673 F.3d 452, 460 (6th Cir. 2012).

In *Artuz*, 531 U.S. at 8, the Supreme Court explained that an application for post-conviction relief in state court is "properly filed" within the meaning of Section 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing.  The Sixth Circuit has held that when an Ohio prisoner's post-conviction relief application is dismissed as untimely, it cannot be considered "properly filed" and therefore does not toll the limitations period.  *Vroman,* 346 F.3d at 603.

Here, Alexander did not file any post-conviction motions until November 2011, fourteen years after he was convicted.  ECF Doc. 11-1 at 250.  The AEDPA one-year statute of limitation had long since expired.  Alexander's petition was untimely and, unless the limitations period was tolled for equitable reasons, his petition must be dismissed as barred by the AEDPA statute of limitations.

### C.    Equitable Tolling

AEDPA's statute of limitations may also be tolled on equitable grounds in certain circumstances.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  "Equitable tolling allows courts to review time-barred habeas petitions provided that a litigant's failure to meet the legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (internal quotation marks omitted).  A habeas petitioner is required to prove he is entitled to equitable tolling.  *See,*

8

*e.g., McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).  To do so, the petitioner must show that (1) "he has been pursuing his rights diligently," and (2) that "some extraordinary circumstance stood in his way and prevented timely filing."  *Holland*, 560 U.S. at 649; *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. 2011).  If the court finds the petitioner has not met either of those requirements, then equitable tolling cannot save an otherwise time-barred habeas claim.

Alexander has not shown that he diligently pursued his rights, and that "some extraordinary circumstance stood in his way and prevented timely filing."  *Holland*, 560 U.S. at 649; *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. 2011).  In the state courts, Alexander and the state disputed whether Alexander had shown by clear and convincing evidence that Alexander had been unavoidably prevented from discovering the evidence upon which his request for a new trial relied.  Alexander essentially argued that he was not aware that witness Lyndal Kimble was going to recant his trial testimony until Kimble approached him six years after the two were first housed at the same prison.  ECF Doc. 11-1 at 262.  The state essentially argued that Alexander was not unavoidably prevented from speaking to Kimble earlier, in order to discover why Kimble gave perjured testimony.  ECF Doc. 11-1 at 267.  The trial court denied the motion for leave to file a delayed motion for new trial after agreeing with the state's argument.  ECF Doc. 11-1 at 271.  The Ohio Court of Appeals concluded the trial court should have held a hearing to determine whether Alexander *had* been unavoidably prevented from discovering Kimble's willingness to recant.  ECF Doc. 11-1 at 327.  But the appellate court affirmed the denial of the right to file the delayed new trial motion on the ground that Alexander had not shown that the failure to conduct the hearing was harmful error.  It based that conclusion on its finding that Alexander had not shown that, even taking Kimble's

recantation into consideration, the outcome of his trial probably would have been different.  ECF Doc. 11-1 at 329.

From the foregoing, this Court could conclude that it is debatable whether Alexander diligently pursued his rights during the five or six years between Kimble's arrival at Alexander's prison and Alexander's receipt of the recantation affidavit.  What is not debatable is that Alexander did not diligently pursue his rights after the Ohio Court of Appeals affirmed the denial of his request to file a delayed motion for new trial.  First, Alexander did not timely appeal that ruling to the Ohio Supreme Court.  Second, he waited six and one-half years from the Ohio Supreme Court's denial of his request to file a delayed appeal in January 2013 until he filed his federal habeas petition in June 2019.[6]  Alexander has not argued that he diligently pursued his rights or that some extraordinary circumstance stood in his way.  Rather, he argues that he was innocent.

Because Alexander has not shown that he diligently pursued his rights or that an extraordinary circumstance prevented him from filing a timely habeas petition, I conclude that this is not a case in which equitable tolling should be applied to permit the review of Alexander's habeas claim.

### D.    Actual Innocence

Alexander argues that the court should not enforce AEDPA's statute of limitation because he is innocent of the crimes of which he was convicted.[7]  A sufficient claim of actual

---

[6] Alexander's intervening motion to vacate a "void judgment" dealt with other issues.

[7] Alexander's *pro se* arguments are somewhat difficult to understand.  He includes the legal standard for procedural default, even though that issue was not raised by Warden Fender as a reason for dismissing his Ground One claim.  However, to the extent that Alexander includes a claim of actual innocence (albeit as part of a procedural default argument), it may be applicable here.  Actual innocence is a basis for considering claims that were a procedurally defaulted OR that are barred by AEDPA's statute of limitation.  Accordingly, although much of the law cited in Alexander's traverse is inapplicable, his

innocence can overcome a statute of limitation bar in a habeas case in order to prevent a fundamental miscarriage of justice. *McQuiggin v. Perkins*, 569 U. S. 383 (2013). The Supreme Court noted, however, that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (citing *Schlup v Delo*, 513 U.S. 298, 329 (1995)). This fundamental miscarriage of justice "standard is 'demanding' and seldom met." *Id.* And the standard "applies to a severely confined category: cases in which *new evidence* shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 395 (emphasis added; citing *Schlup*). The Court concluded by noting: "We stress once again that the *Schlup* standard is demanding. The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401. "To be credible, such a claim requires a petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324.

Here, Alexander has not met the demanding standard of showing that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. In 2011, Alexander produced the affidavit of state's witness, Lyndal Lee Kimble. Kimble's affidavit essentially stated that he lied when he testified about a conversation he had had with Alexander. Specifically, Kimble testified at trial that Alexander told him that he shot the victim. But in his

---

argument that he is actually innocent, if supported by new evidence, would be a basis for proceeding to the merits of his untimely claim.

2011 affidavit, Kimble testified that Alexander never said this to him.  ECF Doc. 11-1 at 263-264.  Thus, Kimble's affidavit does not establish Alexander's innocence, it only establishes that Alexander did not admit his guilt to Kimble.  Kimble's recantation likely would have taken him out of the trial as a witness, and that could have impacted a jury's deliberations, but it would not necessarily have changed their verdict.  The Ohio Court of Appeals found that it was harmless error to deny Alexander a hearing on his motion for leave to file a delayed new trial motion for just that reason.

The Ohio Court of Appeals reasoned:

{¶ 25}  Based on the evidence contained in the record, even taking into account Mr. Kimble's recantation of his testimony, Mr. Alexander could not have demonstrated, as required, that the recantation would have "materially affected the outcome of the trial," or that it "discloses a strong probab[ility] that it will change the result if a new trial is granted."  This is because Mr. Kimble was not the sole witness implicating Mr. Alexander in the murder.  There were other witnesses testifying to Mr. Alexander's involvement in the shooting of the victim.  Lazarus Stubbs testified that Leon Stubbs said to Mr. Alexander, "I think you killed that man"; and Aaron Warfield testified that Mr. Alexander admitted to him that he killed the victim.  Furthermore, the reason offered by Mr. Kimble in his recanting affidavit for lying at the trial – that that he lied to protect Leon Stubbs due to the pressure from the Stubbs family – is not entirely believable because Leon Stubbs had already been convicted for his role in the murder and serving time in prison at the time of Mr. Alexander's trial.

*State v. Alexander,* 11th Dist. 2011-T-0120, 2012-Ohio-4468, 2012 Ohio App. LEXIS 3978.  Even with Kimble's recantation, there was evidence supporting the jury's verdicts; and that conclusion does not change based on Alexander's argument that Lazarus Stubbs and Aaron Warfield should have been disbelieved because of bias.  The jury was entitled to decide the credibility of their testimony.  Consequently, Alexander has not shown that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.  Kimble's affidavit did not establish Alexander's innocence and, even if one construed it otherwise for the sake of argument, other state witnesses testified to Alexander's role in the felony murder.  Because

Kimble's affidavit does not show that Alexander was actually innocent, this is not a case in which the statute of limitation violation should be overlooked in order to prevent a miscarriage of justice.[8]

Alexander's petition is barred because it was filed long after the expiration of AEDPA's statute of limitations, and it is not saved by statutory tolling, equitable tolling or a colorable actual innocence gateway claim.  I recommend the warden's motion to dismiss be granted.

## V.      Recommendation Regarding Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant."  Rule 11(a), 28 U.S.C. foll. § 2254.  The rule tracks the requirement of 28 U.S.C. § 2253(c)(3) that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253 (c)(2)."  Rule 11(a).  In light of the Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the COA issue is included here.

Under 28 U.S.C. § 2253(c)(1)(A), this court will grant a COA for an issue raised in a §2254 habeas petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right.  *See, Cunningham v. Shoop,* 817 F. App'x 223, 225 (6th Cir. Aug 24, 2020).  A petitioner satisfies this standard by demonstrating that reasonable jurists "could disagree with the district court's resolution of his constitutional claims or that jurists could

---

[8] Alexander's response asserts that his due process rights were violated, that there was insufficient evidence to support the verdict, and that he received ineffective assistance of trial counsel because his trial attorney did not present alibi evidence at trial.  There are many reasons why these arguments would likely result in a recommendation that the Court deny a writ of habeas corpus to Alexander.  However, because Alexander has failed to establish any basis for tolling AEDPA's statute of limitation, the court cannot reach the merits of Alexander's other assertions.  His petition is barred as untimely.

conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis,* 137 S. Ct. 759, 773 (2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 327, 336 (2003)); *see also Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When a claim is denied on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484.

Here, Alexander's claim is barred by AEDPA's statute of limitation. This Court's procedural ruling on this issue would not be debatable among jurists of reason, and I recommend that no certificate of appealability be issued in this case.

## VI.    Recommendations

Because Alexander's claim is barred by AEDPA's statute of limitation and because he has failed to submit new evidence showing that he was innocent, I recommend that the Court DISMISS his claim and DENY his petition for writ of habeas corpus under 28 U.S.C. § 2254. I further recommend that he not be granted a certificate of appealability.

Dated: November 4, 2020

Thomas M. Parker
United States Magistrate Judge

---

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters,* 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).