UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICKEY ALEXANDER, *Pro Se*, | ) | Case No.: 4:19 CV 1302 |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| DOUGLAS FENDER, Warden, | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Petitioner Rickey Alexander's ("Petitioner" or "Alexander") Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Under Local Rule 72.2, the court referred the matter to Magistrate Judge Thomas Parker ("Magistrate Judge" or "Judge Parker") for a Report and Recommendation ("R & R"). For the following reasons, the court adopts Judge Parker's R & R that the Petition be denied in its entirety.

On June 6, 2019, Alexander filed the Petition challenging his conviction and sentence in state court for aggravated murder, aggravated robbery, and a firearm specification. (ECF No.1.) As a result of the conviction, the trial court sentenced Alexander to 43 years to life in prison. (R & R at PageID #560, ECF No. 14.) The Petition asserts only one ground for relief and supporting facts:

> GROUND ONE: Petitioner is entitled to a new trial, where newly discovered evidence reveals that no reasonable juror would have found him guilty beyond a reasonable doubt.
>
> Supporting facts: At trial, the state presented testimony from Lazarus Stubbs ("Stubbs"), Lyndall Lee Kimble ("Kimble"), and Aaron Warfield ("Warfield"), all of whom implicated Alexander in the robbery and

> murder of Anthony Borden (the "decedent"). After he had already exhausted his direct appeals, Alexander asserts that he was approached by Kimble at Lake Erie Correctional Institution, and Kimble expressed his intention to recant his testimony. Specifically, in his affidavit, Kimble avers that he lied at trial when he testified that Alexander told him he shot the decedent.

(Pet. at PageID #5, ECF No. 1; Addendum at PageID #16–17, ECF No. 1-1.)

Respondent Douglas Fender ("Respondent" or "Warden") filed a Return of Writ on December 13, 2019, and Alexander filed a Traverse on February 21, 2020. (ECF Nos. 11, 13.) Judge Parker submitted his R & R on November 4, 2020, recommending that the court deny and dismiss the Petition in its entirety. The R & R recommends that the Petition be denied for two reasons: (1) Alexander's claims are time barred by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and (2) Alexander's Petition does not meet the exacting standards of an actual innocence gateway claim. (R & R at PageID #560, ECF No. 14.) Alexander sought additional time to file an objection to the R & R, citing limited access to his prison's legal library and other restrictions caused by the ongoing COVID-19 health crisis. (ECF No. 15.) The court granted Petitioner's request for an extension and, on January 11, 2021, Alexander filed an Objection to Judge Parker's R & R. (ECF No. 16.) However, in his Objection, Alexander does not raise any new arguments nor does he identify any error in the R & R's factual findings or legal conclusions. Instead, Alexander reiterates the arguments he raised in his Petition and Traverse. An objection that summarizes what has already been presented, or merely states a disagreement with a magistrate's conclusion, is not an objection. *See Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

After careful *de novo* review of the R & R, Alexander's Objection, and all other relevant documents in the record, the court finds that Judge Parker's recommendations are fully supported by the record and controlling case law. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

Because Alexander's claims are barred by the AEDPA's statute of limitations and because his Petition is not saved by statutory tolling, equitable tolling, or a colorable actual innocence gateway claim, the court finds that his claim must be dismissed. Accordingly, the court adopts the R & R in its entirety and hereby denies and dismisses the Petition. The court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

    IT IS SO ORDERED.

                                              */s/ SOLOMON OLIVER, JR.*
                                              UNITED STATES DISTRICT JUDGE

June 30, 2021